# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### ST. JOSEPH DIVISION

BRENT E. SMITH and                              )
AES RAPTOR, LLC,                                )
                                                )
     Plaintiffs,      )
                                                )
vs.                                             )  Case No. 13-00104-CV-SJ-GAF
                                                )
GARLOCK EQUIPMENT                               )
COMPANY,                                        )
                                                )
     Defendant.       )

## VERDICT(S)

1

# VERDICT FORM

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

## FINDINGS ON INFRINGEMENT CLAIMS

### A.    Direct Infringement

1a.    Have Plaintiffs Brent E. Smith and AES Raptor, LLC proven that it is more likely than not that every requirement of claim 1 of the '431 patent is included in Defendant Garlock Equipment Company's Cobra Twin-Man Mobile Fall Protection Cart?

Yes ___X___         No _____

1b.    Have Plaintiffs Brent E. Smith and AES Raptor, LLC proven that it is more likely than not that every requirement of claim 5 of the '431 patent is included in Defendant Garlock Equipment Company's Cobra Multi-Man Mobile Fall Protection Cart?

Yes ___X___         No _____

If your answer to either question 1a or 1b is "yes," go to question 2a. If your answer to both question 1a and question 1b is "no," do not answer the remaining questions and proceed to sign and date the verdict form.

### B.    Willful Infringement

25

2a.     Have Plaintiffs Brent E. Smith and AES Raptor, LLC proven that it is highly probable that from an objective point of view the defenses put forth by Defendant Garlock Equipment Company failed to raise any substantial question with regard to infringement or enforceability of either claim 1 or claim 5?

Yes ___X___     No _____

If the answer to question 2a is "yes," answer question 2b. If your answer to question 2a is "no," proceed to the next section titled "Findings On Damages."

2b.     Have Plaintiffs Brent E. Smith and AES Raptor, LLC proven that it is highly probable that Defendant Garlock Equipment Company actually knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of an enforceable patent?

Yes _____     No ___X___

## FINDINGS ON DAMAGES

### A.     Patent Infringement

3a.     Please indicate the amount of damages you find that Plaintiffs Brent E. Smith and AES Raptor, LLC sustained as a result of infringement of the '431 patent.

Lost Profits: In accordance with Instruction Nos. 20, 21, and 22, what lost profits, if any, did Plaintiffs Brent E. Smith and AES Raptor, LLC show they more likely than not suffered as a result of sales that it would with reasonable probability have made but for Defendant Garlock Equipment Company's infringement?

$ _322,485.94_

Reasonable Royalty:

3b.     In accordance with Instruction Nos. 23 and 24, for those infringing sales of Defendant Garlock Equipment Company's Cobra Twin-Man Mobile Fall Protection Cart for

26

which Plaintiffs Brent E. Smith and AES Raptor, LLC have not proved their entitlement to lost profits, what have they proved they are entitled to as a reasonable royalty:

    i)     an on-going royalty payment of $ _____ per unit sold or

_4.75_ % of $ _927,540.00_ in total sales; or

3c.    In accordance with Instruction Nos. 23 and 24, for those infringing sales of Defendant Garlock Equipment Company's Cobra Multi-Man Mobile Fall Protection Car for which Plaintiffs Brent E. Smith and AES Raptor, LLC have not proved their entitlement to lost profits, what have they proved they are entitled to as a reasonable royalty:

    i)     an on-going royalty payment of $ _____ per unit sold or

_4.75_ % of $ _2,178,000.00_ in total sales; or

Note:   All jurors who agree to the above findings must sign below.

| | |
|---|---|
| _Jessica Patterson_ | _Cheryl Caswell_ |
| _Ashley Mailman_ | _Sheila Hatcher_ |
| _Thursa A Wilson_ | |
| _ett hulett_ | |
| _Ronald W ood_ | |

27