IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| BRENT E. SMITH and<br>AES RAPTOR, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 13-00104-CV-SJ-GAF |
| GARLOCK EQUIPMENT<br>COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Defendant Garlock Equipment Company's ("Defendant") Motion to Stay Execution of Judgment Pending Post-Trial Motions under Federal Rule of Civil Procedure 62(b). (Doc. # 154). Plaintiffs Brent E. Smith and AES Raptor, LLC ("Plaintiffs") oppose Defendant's Motion only in part. (Doc. # 155). In particular, Plaintiffs do not oppose staying execution of the money judgment for a limited time, but argue that Defendant should be enjoined from continuing to sell or offering for sale two specific products in light of the jury's verdict. (*Id.* at 1).

On March 26, 2015, a jury, after a four day trial, returned a verdict for Plaintiffs against Defendant. (Doc. # 150). On the issue of direct infringement of Plaintiffs' patent (the '431 patent) the jury found that Plaintiffs had proven it more likely than not that every requirement of claim 1 of the '431 patent is included in Defendant's Cobra Twin-Man Mobile Fall Protection Cart (the "Twin-Man Cart") and that Plaintiffs had proven it more likely than not that every requirement of claim 5 of the '431 patent is included in Defendant's Cobra Multi-Man Mobile Fall Protection Cart (the "Multi-Man Cart"). (*Id.* at 1a-1b). Regarding damages, the jury found Plaintiffs suffered $322,485.94 in lost profits (*Id.* at 3a), and were entitled to an additional

1

reasonable royalty of 4.75% of $827,540 for Defendant's sales of the Twin-Man Cart (*Id.* at 3b), and an additional royalty of 4.75% of $2,178,000 for Defendant's sales of the Multi-Man Cart (*Id.* at 3c). In total, the jury found Defendant liable to Plaintiffs in an amount of $465,249.09.

Under Federal Rule of Civil Procedure 62(b) a district court may stay the execution of a judgment "[o]n appropriate terms for the opposing party's security" pending disposition of various post-trial motions. In the similar context of determining whether to stay an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c), the Federal Court considers four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 512 (Fed. Cir. 1990) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

In its present Motion, Defendant moves this Court for an immediate stay of execution on the Judgment entered by this Court on March 27, 2015 (Doc. # 151). (Doc. # 154). Defendant offers to post a supersedeas bond in the amount of $465,249.09, plus interest, in order to fully secure the Judgment during the pendency of the stay. (*Id.* ¶ 2). Plaintiffs respond that they "have no intention of taking affirmative steps to collect the $465,249.09 awarded by the jury until the time for appeal has expired. Therefore, they do not oppose staying execution of the judgment for a limited period of time to allow the Court to consider any timely-filed post-trial motions." (Doc. # 155). However, Plaintiff argues that Defendant should not be allowed to continue selling or offering for sale the Twin-Man or Multi-Man Cart in light of the jury's verdict. (*Id.*).

2

The Court agrees with Plaintiff's position. The second factor enumerated above weighs in favor of Defendant, but is insufficient, standing alone, to overcome the combined weight of the remaining factors. Regarding the first factor, Defendant has failed to make a strong showing that it is likely to succeed on the merits of its post-trial motions. In particular, a jury found Defendants liable for patent infringement and this Court denied Defendants' motion for summary judgment made before the trial and motions for judgment as a matter of law made during the course of the trial. Regarding the third factor, Plaintiff would be irreparably harmed by Defendants being allowed to continue to infringe the '431 patent during the pendency of post-trial motions and appeals. Lastly, the public interest lies in enforcing the patent laws and disallowing Defendants to continue engaging in patent infringement. Accordingly,

**IT IS ORDERED** that a stay is entered prohibiting Plaintiff from executing judgment against the $465,249.09 pending post-trial motions and until the time for appeal has expired.

**IT IS FURTHER ORDERED** that Defendants are prohibited from continuing to sell or offering for sale the Twin-Man or Multi-Man Cart in light of the jury's verdict.

Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: May 4, 2015